[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a complaint in one count seeking from the defendant the payment of $20,000 pursuant to an addendum contract involved in a real estate transaction. The defendant has pled in special defense that: (1) Pursuant to the doctrine of merger, the provisions of the addendum merged with the title and did not survive the transfer of title; (2) the alleged addendum is unenforceable because there is no additional consideration for the modification to the original agreement; (3) the alleged addendum provides no definite time for the performance of the defendant's obligation and so is too indefinite for enforcement; (4) the alleged addendum contains no CT Page 7129 date at which the defendant's obligation under the addendum ends and so is too indefinite for enforcement; (5) the alleged addendum contains no date at which the defendant's obligation under the addendum ends and so is unconscionable; (6) the alleged addendum reserves the unilateral right of the plaintiffs to determine the nature and extent of compensation and so is too indefinite for enforcement; (7) plaintiffs coerced defendant into executing the alleged addendum by threatening to not perform under the original agreement. The alleged addendum is invalid because of duress; (8) the alleged addendum contains no date at which the defendant's obligation under the addendum ends and so is too indefinite for enforcement; consequently, the alleged addendum is terminable at the will of the parties, and the defendant has terminated the alleged addendum.
Neither the plaintiffs nor the defendant appeared at trial. The parties through their attorneys advised the court that the evidence for the court's consideration consisted of the deposition of the defendant marked as exhibit twelve and eleven documents marked as exhibits one through eleven.
The following facts are found. On July 27, 1996, the plaintiffs and the defendant entered into an Option Agreement for the purchase of 37 Wingate, Avon, Connecticut (the "Premises") On the same date, the plaintiffs and defendant entered into a Lease Agreement, under which the defendant would rent the Premises from August 19, 1996, at a monthly rental of $3,300.
The Option Agreement gave the defendant the right to purchase the Premises on or before August 19, 1997, for a purchase price of $425,000. Under the terms of the Option Agreement, the defendant would initially pay $1,000, then, $19,000 upon receipt of satisfactory inspection reports, and finally, $10,000 before December 31, 1996. The total deposit under the Option Agreement was $30,000. The Option Agreement did not provide that any of the rent paid would be credited to the purchase price of $425,000.
As specified in the Option Agreement, the defendant made all deposit payments, except the final $10,000. In January 1997, the plaintiffs and defendant executed an Amendment to the Option Agreement to extend-the deadline for the final $10,000 payment until January 31, 1997. The defendant paid the final $10,000 before that deadline. This amendment also did not provide for a credit of the rent paid towards the purchase price of $425,000.
On August 27, 1997, the plaintiffs and defendant executed an Amendment to Extend Option Agreement ("Second Amendment"). For the defendant's CT Page 7130 payment of an additional $10,000 deposit the option term was extended until March 19, 1998. This amendment also extended the lease term for the additional six months, and increased the defendant's monthly rent to $3,800 beginning with the August 1997 payment. The additional $10,000 was paid. This amendment also did not provide for credit for rent paid towards the purchase price of $425,000.
The plaintiffs executed a Real Estate Contract on April 18, 1998; the defendant executed the Real Estate Contract on April 29, 1998. The Real Estate Contract changed the structure of the purchase. The Contract provided for a purchase price of $485,000 and credited the defendant with a deposit of $100,000 towards the Purchase Price. The Real Estate Contract credited the $60,000 rent paid by the defendant, in addition to the $40,000 the defendant had already paid.
The closing took place in two parts. On April 29, 1998, the defendant executed the closing documents with her attorney, William Healey. Neither the plaintiffs nor their attorney, John H. Welch were present at that portion of the closing. In exchange for structuring the purchase price of $485,000 and to help the plaintiffs, the defendant had agreed to help the plaintiffs with the closing costs. The defendant paid $21,700 towards the closing costs, instead of the $17,458.80 shown on the Settlement Statement.
At the closing, the plaintiffs, through their attorney, demanded an additional $20,000 from the defendant for having allowed her to purchase the property for $485,000. The additional $20,000 was not part of the Real Estate Contract nor was it part of the defendant's agreement regarding the purchase. To go through with the closing, the defendant agreed to pay the plaintiffs, upon receipt of proof of payment, an additional amount up to $20,000 to compensate the plaintiffs for any increased capital gains taxes caused by the increased purchase price. The defendant executed an Addendum to the Purchase and Sale Agreement containing her agreement to pay the additional capital gains taxes. At the time that the defendant signed the Addendum, there were no changes to the Addendum. The defendant proceeded with her portion of the closing.
Attorney Welch then telephoned and said "we have a problem" and that the plaintiffs wanted $20,000 without regard to any capital gains issue. The defendant felt caught in the middle.
Attorney Healey and Attorney Welch argued about making changes to the Addendum to eliminate the references to capital gains taxes. Initially, Attorney Healey did not want the defendant to sign the changed Addendum.
The defendant was not in agreement with the way that the Campbells CT Page 7131 wanted the money to be paid, that is as an additional twenty thousand dollars pocket money.
Finally, the defendant twice wrote her initials on the Addendum. The defendant did not recall the second paragraph being crossed out when she initialed the Addendum. At the time that she initialed the Addendum, the changes to it had not been made. She didn't know what was going to change. The defendant denies that the added provisions were in her handwriting and maintains that the changes were not there when she initialed the Addendum.
The final portion of the closing occurred on April 30, 1998. The Settlement Statement dated April 30, 1998 indicates that the defendant had paid a deposit of $100,000. Attorney Welch signed the Addendum as attorney in fact for the plaintiffs on April 30, 1998.
Under the agreement memorialized in the Real Estate contract $100,000 is shown as a deposit by the buyer to be applied to the total purchase price of $485,000 leaving a balance of $385,000 to be paid by the buyer at the closing. At the closing the buyer is told by phone that the seller wants $20,000 in cash and this is to be in place of $20,000 in rental credits. By reducing the amount being allowed the buyer in rental credits, the seller is adding $20,000 to the purchase price.
The defendant gets nothing more for this additional $20,000. She stands to lose $60,000 in rental credits already paid in if she does not go through with the closing. There is also the matter of $40,000 paid over by the defendant when she entered into the original second amended option to buy. The last amended option dated August 21, 1997, references the $40,000.
The unrefuted deposition testimony of the defendant is that there were no cross outs in the first and second paragraphs of the Addendum when she initialed it in two places; that the writing on the Addendum was not there when she initialed it; and that that writing was not hers.
The original unexecuted Addendum, that is the Addendum without cross outs and penned entries, had focused on the capital gains which might result from the change in purchase price from $425,000 to. $485,000 and the possibility of the buyer defraying some of that up to a maximum of $20,000 with the buyer retaining the right to contest that capital gain differential. However, at the closing the seller's attorney by phone advised the buyer and the buyer's attorney that there would be no consideration of capital gains. Instead an additional amount of $20,000 would have to be paid if the sale was to go through. CT Page 7132
The seller had already committed themselves in the real estate contract to the sale of the house for an agreed upon price of $485,000 and had acknowledged receipt of $100,000 from the buyer toward that purchase price. The demand of an additional $20,000 would raise the purchase price to $505,000. "A modification of an agreement must be supported by valid consideration and requires a party to do, or promise to do, something further than, or different from, that which he is already bound to do. (citations omitted)." Thermoglaze, Inc. v. Morningside Gardens Co.,23 Conn. App. 741, 745 (1991). "The basis of the rule is generally made to rest upon the proposition promises the additional [work] receives nothing more than that to which he is already entitled to and he to whom the promise is made gives nothing that he was not already under legal obligation to give. (citations omitted)." Id. 745-746.
In the present case, the plaintiffs provided no additional consideration for the defendant's obligation in the Addendum. The Real Estate Contract already required that the plaintiffs convey the Premises and set the amount of the compensation. Without mutual consideration, the Addendum is invalid and unenforceable.
Judgment may enter in favor of the defendant Doris Aiken Ford.
Hennessey, J.